IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| GLORIA S. TINZIE | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 4:11CV00683 SWW |
| ARKANSAS DEPARTMENT OF | * |
| WORKFORCE SERVICES | * |
| | * |
| Defendant | |

## ORDER

Plaintiff Gloria S. Tinzie ("Tinzie") brings this employment discrimination action against the Arkansas Department of Workforce Services ("ADWS") pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981; and Titles I and V of the Americans with Disabilities Act ("ADA"). Before the Court is ADWS's motion to dismiss (docket entries #4, #5) and Tinzie's response in opposition (docket entries #6, #7). After careful consideration, and for reasons that follow, the motion to dismiss is granted in part and denied in part. Tinzie's claims pursuant to 42 U.S.C. § 1981 and the ADA are dismissed with prejudice on the ground that they are barred under the doctrine of sovereign immunity. Additionally, to the extent that Tinzie brings a claim under the self-care provision of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612(a)(1)(D), that claim is likewise barred and dismissed. Tinzie may proceed with her claim that ADWS terminated her employment on the basis of her race in violation of Title VII.

**I.**

ADWS moves to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to plausible." *Id*. at 1974.

**II.**

The following facts are taken from the complaint. Tinzie, who is black, began her employment with ADWS on August 7, 2000. Tinzie suffers from obsessive compulsive disorder and acute distress disorder, and she parked her vehicle in a disabled parking place at work. Although Tinzie had a disabled parking permit, ADWS disciplined her for parking in a disabled zone. Tinzie filed a grievance against her office manager, Dejanetta Smith ("Smith"), and a grievance officer ordered Smith to remove Tinzie's written disciplinary from her personnel file.

After Tinzie prevailed with her grievance, Smith denied her requests for an office key, flex time, and permission to wear comfortable shoes. On June 10, 2010, ADWS terminated Tinzie's employment based on false allegations that she had unauthorized visitors at work, and

white employees who had actually violated ADWS's policy against visitors at work were not terminated.

Tinzie filed this lawsuit on September 14, 2011, charging that the ADWS terminated her employment based on race and disability and "in retaliation for filing a previous EEOC charge, on January 25, 2010, alleging a violation of Title VII . . . . " Docket entry #7, at 4.

### III.

In support of its motion, ADWS asserts that Tinzie's race discrimination claim brought pursuant to Title VII must be dismissed for failure to exhaust administrative remedies and that Tinzie's remaining claims are barred under the doctrine of sovereign immunity.

<u>Exhaustion of Administrative Remedies</u>

In order to exhaust Title VII's administrative remedies an individual must (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge within one hundred eighty (180) days of the discrimination and (2) receive notice from the EEOC of the right to sue. *See* 42 U.S.C. § 2000e-5(b), (c), (e). Once an employee receives a right-to-sue letter from the EEOC, he or she has ninety days in which to file suit. See 42 U.S.C. § 2000e-5(f)(1).

ADWS presents a copy of EEOC Charge No. 846-2010-19825, signed by Tinzie on March 10, 2010 and stamped received by the EEOC on March 12, 2010. Tinzie's March 2010 charge contains allegations that ADWS discriminated against her on the basis of disability, but it contains no reference to Tinzie's race. ADWS also presents a copy of a right to sue letter dated June 14, 2011, which references EEOC No. 846-2010-19825 and notifies Tinzie of her

right to institute a civil action against ADWS under Title I of the Americans with Disabilities Act. The right to sue letter contains no reference to Title VII.

In opposition to ADWS's motion to dismiss, Tinzie filed a copy of EEOC Charge No. 493-2011-00002, signed by her on November 5, 2010 and stamped received by the EEOC on November 15, 2010. The November 2010 charge contains allegations that ADWS discharged Tinzie based on her disabilities and in retaliation for filing an EEOC charge on January 25, 2010. Additionally, the charge form contains a notation that it was amended, and the following language is set forth on a separate page:

MEMO
AND AMENDMENT TO EEOC CHARGE
CHARGE # 493-2011-00002

> In addition, the Claimant seeks to amend and include a Title VII claim of race discrimination pursuant to the Civil Rights Act of 1964. Specifically, the Claimant believes her wrongful termination was racially motivated and/or based on race. That two (2) white/Caucasian employees namely, Rodney Young and Justin Majors were found in violation of the same state policy by which the Claimant termination is based. In both instances the Arkansas Department of Workforce Services did not terminate Rodney Young or Justin Majors who are white/Caucasian.

Docket entry #6, Ex. A.

Failure to exhaust administrative remedies is an affirmative defense, which a defendant must prove. *See Miles v. Bellfontaine Habilitation Center,* 481 F.3d 1106, 1107 (8th Cir. 2007)(citation omitted). In light of evidence that Tinzie exhausted administrative remedies in connection with her race discrimination claim, the motion to dismiss for failure to exhaust is denied.

<u>Sovereign Immunity</u>

ADWS asserts that Tinzie's discrimination claims pursuant to 42 U.S.C. § 1981 and the

ADA are barred under the doctrine of sovereign immunity. Tinzie acknowledges that she has no claim against ADWS under § 1981, but she argues that ADWS is subject to suit under the ADA.

The sovereign immunity of the States recognized in the Eleventh Amendment[1] bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the states' immunity or a state has consented to suit or waived its immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edleman v. Jordan*, 415 U.S. 651, 663 (1974). In addition to barring all claims brought directly against a state or state agency, the Eleventh Amendment protects state officials sued in their official capacities from all claims, with the exception of certain claims for prospective, equitable relief. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Tinzie sues ADWS,[2] an agency of the state of Arkansas, pursuant to Title I of the ADA, which prohibits employers from discriminating against a qualified individual on the basis of disability. *See* 42 U.S.C. § 12112. In *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S. Ct. 955 (2001), the Supreme Court held that the ADA's express abrogation of sovereign immunity is unconstitutional as to Title I claims because Congress did not establish that Title I was intended to remedy or deter violations of Fourteenth Amendment guarantees.

---

[1] The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

[2] Tinzie brings her claims directly against ADWS, and she does not sue state officials in their official capacities for prospective injunctive relief.

*See Garrett*, 531 U.S. at 374, 121 S. Ct at 967-968.   Accordingly, Tinzie's claim pursuant to Title I is barred under the doctrine of sovereign immunity.

Tinzie also sues ADWS under Title V of the ADA, which prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by the [ADA]." 42 U.S.C. § 12203.  Neither the Supreme Court nor the Eighth Circuit has addressed whether Title V is valid abrogation of state sovereign immunity.   However, other courts have concluded that the Supreme Court's holding in *Garrett* "necessarily applies to claims brought under Title V [when] the claims are predicated on alleged violations of Title I."  *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001); *see also Reed v. College of the Ouachitas*, No. 6:11CV6020, 2012 WL 1409772, *5 (April 23, 2012 W.D. Ark.)(noting that Supreme Court precedent supports a conclusion that Congress may not abrogate the states' Eleventh Amendment immunity from claims brought pursuant to Title V of the ADA); *Morr v. Missouri Dept. of Mental Health,* No.  4:08CV359 RWS, 2009 WL 1140108, *4 (April 28, 2009 E.D. Mo.)(finding Title V claim for damages barred  by the Eleventh Amendment).   The Court finds such reasoning persuasive and further finds that Tinzie's retaliation claim is predicated on alleged violations of Title I.   Accordingly, the Court finds that Tinzie's claim under Title V of the ADA is barred under the doctrine of sovereign immunity.

In paragraph 12 of her complaint, Tinzie alleges that she was denied "a reasonable FMLA request" and that similar requests were granted to other employees.  Although it is not clear that Tinzie is pursuing a claim under the FMLA, any claim under the FMLA's self-care provision, which entitles eligible employees to take up to 12 weeks of unpaid leave for the employee's own serious health condition, is barred under the Eleventh Amendment.  *See*

*Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, – U.S. – (2012)(holding that Congress did not validly abrogate states' sovereign immunity from suits for money damages in enacting the FMLA's self-care provision).

## IV.

For the reasons stated, Defendant's motion to dismiss (docket entry #4) is GRANTED IN PART AND DENIED IN PART.   Plaintiff's claims under 42 U.S.C. § 1981 and Titles I and V of the ADA are DISMISSED WITH PREJUDICE.   Plaintiff's race discrimination claim under Title VII remains.

IT IS SO ORDERED THIS 16th DAY OF MAY, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE